FRUGE, Judge.
The plaintiffs, occupants of an automobile which collided with a pickup truck insured by the defendant, brought suit in the district court for personal injuries and property damages. The trial judge, after trial on the merits, absolved the driver of the pickup truck of any negligence, holding that the cause of the accident was the plaintiff driver’s failure to yield the right of way at an intersection controlled by an automatic traffic signal light. We hereby affirm his decision.
The plaintiff vehicle, a 1948 Dodge, was struck broadside by the pickup truck driven by an employee of the defendant’s insured. The collision occurred at the intersection of Broad and Kirkman Streets in the City of Lake Charles, Louisiana. At this intersection Broad Street is a wide, east-west, business thoroughfare with two lanes of travel in each direction. Kirkman Street, running north and south and intersecting Broad at generally right angles, is a narrower two-lane street serving a more or less residential area. Traffic at the intersection of Broad and Kirkman is controlled by an automatic traffic semaphore signal or “red light”. On the afternoon in question the car in which the plaintiffs were riding was proceeding north on Kirkman Street toward the intersection. The occupants of the plaintiff vehicle some few minutes before *767 had attended the funeral services of a friend and at the time of the accident were en route to the cemetery. The funeral procession in which they were riding consisted of twelve to fifteen cars and the record reflects that at the time of the collision plaintiffs’ car was the last one in the procession. The pickup truck was traveling east on Broad Street, so that the plaintiff vehicle was approaching the intersection from the truck driver’s right. The view across the southwest quadrant of the intersection (the quadrant between the two approaching vehicles) is obstructed by a church located at that corner.
The driver of the pickup truck testified that he observed the hearse and its attendant procession when' he was some three blocks away from the intersection and that he reduced his speed slightly so that when he arrived at the intersection he would not have to stop and wait for the procession to go by. He testified further that as he neared the intersection the last of the funeral procession had crossed Broad Street heading north on Kirkman, and that the traffic signal light turned green in his favor. Being of the opinion that the procession had passed the intersection, he therefore proceeded at a moderate speed through the intersection. At this point the plaintiff vehicle came into view to his right and, despite a red light facing it, proceeded on through the intersection without pause. The truck driver stated that he immediately swerved to the left in order to avoid a collision, but to no avail.
Since it is uncontradicted that the plaintiff vehicle proceeded into the intersection in violation of the red traffic signal light, plaintiffs’ entire case rests upon the contention that the plaintiff vehicle was a member of the funeral procession which, under the green light, had earlier proceeded through the intersection. In this connection, however, the trial judge found that as a matter of fact the plaintiff vehicle was lagging behind the main body of the funeral procession a distance of some two hundred feet at the time it entered the intersection at Kirkman and Broad. Thus, the trial judge concluded, having lagged far behind the main body of the procession, the plaintiff vehicle could not fairly be considered a part of the “funeral procession” and its driver could not ignore the traffic signal and proceed with abandon through a busy intersection. He further concluded that the driver of the defendant truck had the right to assume that the funeral procession had passed and that further traffic proceeding along Kirkman Street would obey the traffic signal and accord him the right of way. In so holding, the trial judge relied on the almost identical case of Dobrozsi v. Henson, Ohio Mun.Ct., 162 N.E.2d 239 (1959). The Dobrozsi case held that where the plaintiff driver driving the last automobile in a funeral procession was some fifty to seventy feet behind the preceding automobile his automobile was not a part of the funeral procession, so that the plaintiff vehicle had no preference of right of way at a signal controlled intersection.
We are in agreement with the principles announced in the Dobrozsi case and in the holding of our learned brother below that the plaintiff vehicle should not, under the present circumstances, be considered as a member of the funeral procession. We are convinced of the wisdom of his conclusion in this regard when we note that the vehicle lag in the Dobrozsi case was some fifty to seventy feet, while the distance involved in the instant suit is some two hundred feet. It is therefore our view that a reasonable construction of the city ordinance[1] granting the right of way to vehicles comprising a funeral procession excludes from its coverage a vehicle so far behind the main body of the procession as to reasonably give an approaching mo *768 torist the impression that the end of the procession had passed his point of observation. The application of the rule is especially appropriate to the instant case, where the approaching motorist’s view of the passing funeral procession was limited by physical obstruction, thus forcing extra reliance upon the legal right of way accorded that motorist by a favorable traffic signal.
The plaintiffs-appellants, in an effort to avoid what seems to us a necessary consequence of finding that their vehicle was approximately two hundred feet behind the preceding car in the procession, argue that the trial judge committed error in so finding and that the testimony of the plaintiffs-appellants establishes that the distance was much less. The determination of the trial judge on this point, however, is supported by the testimony of independent and credible witnesses as well as that of the driver of the pickup truck (see Tr. pp. 213, 339 and 375). Furthermore, the driver of the plaintiff vehicle admitted on cross examination that another vehicle cut in front of him a short distance from the Broad Street intersection, impeding his progress and causing him to fall behind the other cars in the procession (Tr. 253). Taken as a whole, therefore, the record supports the trial judge’s finding that there was a considerable distance between the plaintiff vehicle and the one preceding it, and we thus conclude that the appellants have failed to show that the lower court committed manifest error in its disposition of the negligence issues.
 Finally, we note from a pleading filed with this court by counsel for the plaintiffs that one of the plaintiffs, Mrs. Anna Carroll, died after trial on the merits but before the trial court rendered judgment on the case. This pleading is a motion to substitute Mrs. Carroll’s heirs as plaintiffs-appellants in the instant appeal. We denied the motion to substitute the heirs as plaintiffs-appellants and we hereby dismiss the appeal of Mrs. Anna Carroll, now deceased, for the reason that the trial court’s judgment against a deceased person (Mrs. Carroll) is an absolute nullity, and without a valid judgment no appeal may be had. See Fountain v. American Employers Ins. Co., 161 So.2d 120 (La.App. 3d Cir. 1964); see also The Work of the Louisiana Appellate Courts for 1963-1964 Term— Procedure, 25 La.L.Rev. 438 (1965).
Accordingly, the appeal of Mrs. Anna Carroll is hereby dismissed without prejudice. In all other respects the judgment of the district court is hereby affirmed, the plaintiffs-appellants to bear all costs.
Affirmed in part, dismissed in part.

. “No driver of a vehicle shall drive between the vehicles comprising a funeral procession, when such vehicles are conspicuously designated as required in this ordinance.” Ord. No. 1317, Sec. 12-50, Chap. 12, Code of the City of Lake Charles (1956).