BARNETTE, Judge.
The plaintiff John Dupre has appealed from a judgment rejecting his demands and dismissing his suit for damages, alleged to have been sustained in an automobile-Public Service bus collision.
John Dupre, a police officer, was the driver of a City of «New Orleans Police Department automobile which collided with a Public Service bus at the intersection of North Claiborne Avenue and Orleans Avenue in New Orleans on the night of March 17, 1967. A fellow officer, • Richard Hughes, was riding with Dupre. The two officers were proceeding to a point of emergency in response to radio directions of the highest priority when the intersectional collision occurred. Hughes joined in the suit as co-plaintiff and recovered a judgment on the basis of the negligence of the bus driver and his own freedom from contributory negligence as a guest passenger. Dupre was denied recovery because of his contributory negligence. The Hughes judgment has been satisfied and this appeal is by Dupre only who seeks a reversal of the judgment insofar as it rejected his petition for damages.
In his brief in this court the appellant concedes the correctness of the trial judge’s findings of fact, but alleges error in his conclusion of law. More particularly, he argues that the trial judge who found that the bus driver “had the last clear chance to avoid the accident” was in error in not applying the doctrine of last clear chance favorably to the driver of the police car.
There is no dispute that the police vehicle was on an emergency call of highest priority. All police vehicles in the vicinity had been directed to the point of emergency and sirens could be heard from different directions. The Public Service Bus had stopped to discharge passengers on Orleans Avenue before proceeding across North Claiborne Avenue in a direction toward the river. North Claiborne Ave. is a major boulevard with wide neutral zone. The police vehicle was traveling in a downtown direction on N. Claiborne with siren sounding and lights flashing.
Some distance before reaching the intersection, the police car passed a vehicle on the right side and then moved back into the left, or neutral ground lane, because of a stopped vehicle in the right lane waiting for the traffic light to change. As it went through the intersection against a red traffic light, it was struck by the bus emerging from the protected area of the neutral zone into the downtown lanes of N. Claiborne traffic. There is no dispute that the traffic signal was favorable to the bus and that the police vehicle went into the intersection against the traffic light without stopping.
The trial judge in his “Reasons for Judgment” found as follows: (Referring to a bus passenger witness.)
* * * * *
“This witness produced by defendant testified that she saw the police vehicle approaching the intersection prior to the bus leaving the stopped position where it was waiting for the signal light to change to green. Obviously, if this witness saw the police vehicle approaching, then the driver of the bus saw it, or should have seen it, and he should not have then moved from his position even though the light had changed in his favor. His moving the bus when he heard sirens (even though they may have been coming from other vehicles of the police department in the vicinity and not from the vehicle driven by one of the plaintiffs), and when the vehicle driven by one of the plaintiffs was clearly visible (or should have been) to him, was negligence per se, and he certainly then had the last clear chance to avoid the accident by waiting until the police vehicle had cleared the intersection.
“It is equally clear to the Court that the driver of the police vehicle was con-tributorily negligent in proceeding across a red signal light when he saw (or *833 should have seen) the bus start from its stopped position. The testimony would indicate that the police vehicle was travelling at a high rate of speed when it crossed the red light. (The same witness whose testimony the Court holds makes the bus driver negligent has also testified that she observed the police vehicle traveling at a high rate of speed).
“Plaintiff’s counsel offered in evidence a certified copy of the Traffic Ordinance of the City of New Orleans, without objection from the defendant. However, the Court has observed that this ordinance was apparently adopted after the date of the accident. This ordinance, however, specifically provided that when answering an emergency call (as the police vehicle was doing in the instant case) the police vehicle must either stop or ‘slow down’ when approaching a red signal light. Inasmuch as no other ordinance has been introduced into evidence, the Court must presume that no such provision was contained in any prior ordinance; or in the absence of any ordinance on the subject there is no presumption that a police vehicle, even when answering an emergency call, would have the right to cross an intersection which is controlled by a signal light when the light is turned to red facing the traveling police vehicle.
“For the reasons hereinabove set forth the driver of the police vehicle, Patrolman John Dupre, is barred from recovery and his suit must be dismissed.”
* * * * *
The Louisiana Highway Regulatory Act authorizes emergency vehicles, when responding to an emergency call to exercise certain privileges subject to the conditions prescribed. This entitles the driver to proceed past a red Stop signal, but only after slowing down or stopping as may be necessary for safe operation. He is expressly not relieved from the duty of regard for safety of all persons and is not protected from the consequences of his act in reek-less disregard for safety of others. LSA-R.S. 32:24 B(2) and D and 32:125 B.
The trial judge cited Calvert Fire Ins. Co. v. Hall Funeral Home, 68 So.2d 626 (La.App. 2nd Cir. 1953). In that case the Court stated the jurisprudential rule applicable to cases of this kind in the following language:
“The burden of care imposed upon the operator of an emergency vehicle requires something more than the mere sounding of a siren or the blinking of a red light. These warnings are ordinarily sufficient to give notice of the approach of an emergency vehicle toward a point of danger, but there are other considerations. When approaching an intersection against a traffic signal light giving crosswise traffic a ‘green’ or ‘go’ sign, and where traffic approaching from either his left or right is obscured, the driver of the emergency vehicle should diminish his speed and bring under control his vehicle until he can be reasonably certain he may pass without unduly subjecting other motorists or pedestrians to danger. He should be aware that notwithstanding the warning from the siren other motorists or pedestrians may still be proceeding through the intersection on the invitation of a green light. Instances may well be imagined where noise or interference of some nature would prevent the hearing of the signal. This, it seems to us, is a factor that should be anticipated by the driver of the emergency vehicle and appropriate control exercised, and where by his failure to so act other motorists or pedestrians are endangered the exemption granted under the ordinance must be considered forfeited.”
We have not failed to give serious consideration to appellant’s argument that the trial judge who found that the bus driver had the last clear chance failed to apply the doctrine favorably to him. In his testimony the plaintiff, Dupre, admitted that he saw the bus leave the bus stop on Orleans Avenue and proceed across North Claiborne *834 into the neutral area with a favorable traffic light. He described his observance of certain other vehicles in or approaching the intersection and his glancing first in one direction and then the other and said:
“A. Upon this, I immediately figured I had the right of way of the intersection. I shifted my car down to the low gear and accelerated, I imagine, to a speed of about 20 to 25 miles an hour, and proceeded through the intersection. Upon entering the intersection, I, through the corner of my eye, observed the Public Service bus bearing down on me. Nothing I could do. The Public Service bus hit me in the side, moved my car over to the river side lane of Claiborne Avenue.”
It is evident that Dupre was fully aware of the bus moving into the intersection on a favorable light and about to intersect his lane of travel. From his foregoing admission, it appears that he assumed the bus would stop and yield the right of way.
He had no right to continue through the intersection on such assumption. He was not then in a position of danger from which he could not extricate himself. When it became obvious to both drivers that the other was not going to yield, it was too late for either to avoid the collision.
The doctrine of last clear chance is applied as an exception to the usual bar to recovery by contributory negligence. It would be applicable in this case in favor of plaintiff Dupre if, and only if, he had been in a position of peril, even through his own negligence, from which he could not extricate himself, and was observed in that peril by the bus driver in time to avoid the accident. Such was not the case here. Under the facts of this case it might be argued with equal validity that Dupre upon seeing the bus leave its position of safety and proceed into the intersection in his path of travel, had the last clear chance to avoid the accident. Under these facts the trial judge was correct in finding that the concurrent negligence of both drivers was the cause of the accident.
The judgment rejecting the demands of the plaintiff, John Dupre, and dismissing his suit is affirmed at appellants’ cost.
Affirmed.