274 So.2d 777 (1973)
Herman H. FUNDERBURK et al., Plaintiffs and Appellants,
v.
Carl L. RAYFIELD et al., Defendants and Appellees.
No. 4118.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Rehearing Denied April 2, 1973.
*778 Kramer & Kennedy by Bernard Kramer, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little, by Henry Bruser, III, (Bruser) Alexandria, for defendants in reconvention and defendants-appellants, Herman & Lina Funderburk.
David A. Sheffield, Alexandria, for plaintiffs in reconvention and plaintiffs-appellees, Carol L. Rayfield and Amelia Davis.
Stafford, Pitts & Stafford, by Grove Stafford, Jr., Alexandria, for defendants-appellees Gov. Emp., Insur. Co. and Carol L. Rayfield.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This motor vehicle accident case was consolidated for trial with that of Davis v. Funderburk, La.App., 274 So.2d 781, No. 4119 on our docket. Appeals to this court were taken in both cases and they remained consolidated on appeal. As the facts and substantive law are common to both cases *779 we treat them together herein, but render separate judgments for each.
On March 6, 1971, Carol Rayfield was driving her automobile in a southerly direction on Seventh Street in the City of Alexandria, Louisiana. Amelia Davis was a passenger in her vehicle, which was one of some twenty-five cars comprising a funeral procession. The Rayfield car was to the rear of the middle of the procession and was perhaps the fifteenth vehicle therein. The procession was proceeding at a speed of from twenty to twenty-five miles per hour with each vehicle following the one before it at an approximate distance of one and one-half car lengths. All of the automobiles in the procession had their lights on to indicate their participation therein.
Nina M. Funderburk was driving an automobile owned by herself and her husband, Herman H. Funderburk, in a westerly direction on Elliott Street at a speed of from twenty to twenty-five miles per hour. Bernice Smith was a passenger in her automobile.
Elliott and Seventh Streets cross each other at right angles in an intersection that is controlled by a semaphore traffic signal. As the two vehicles entered the intersection the signal showed a red light to Rayfield and a green light to Funderburk. Neither driver stopped or even slowed her speed as she entered the intersection, and the two automobiles collided at the approximate center thereof.
As a result of the accident, the Funderburks sued Rayfield and her insurer, Government Employees Insurance Company. They both answered and Rayfield reconvened against the Funderburks. Davis sued the Funderburks and their insurer, unknown at the time, and in the alternative sued Rayfield and her insurer.
The cases went to trial in that posture and it was decided by the District Court that both Rayfield and Funderburk were negligent and thus precluded from recovering from each other. Davis was given judgment against Rayfield, Funderburk, and Government Employees Insurance Company in the amount of $5,350.00, together with interest and costs.
The Funderburks appealed and Rayfield answered their appeal. Neither side questions the quantum of damages awarded to Davis on appeal but rather they limit themselves to a discussion of liability. The issue of quantum is raised by Davis but we do not consider it as a result of our determination of certain procedural questions, raised by the appeals, but primarily relevant to the companion case of Davis v. Funderburk, La.App., 274 So.2d 781, No. 4119 on our docket. We treat those procedural matters in our opinion on that case, rendered separately on this date.
The statutory law applicable to the facts as above set out is found in two ordinances of the City of Alexandria. These ordinances and their relevant provisions are as follows:
Sec. 26-56. Driving through procession.
It shall be unlawful for any person except the driver of an authorized emergency vehicle to drive a motor or other vehicle through a procession unless by permission of a police or traffic officer. This provision shall not apply at intersections where traffic is controlled by police officers.
Sec. 26-67. Traffic lightsSignal legend.
The following rules shall govern the movement of traffic at those street intersections where such semaphore or light signals are maintained:
(a) Red light. When a red light shows on such signal, traffic moving in the direction of the light shall stop and remain stopped as long as the red light is showing. Vehicles may turn to the right on the red light provided that the way is clear and such movement does not interfere with vehicles crossing on the green *780 light, which vehicles shall have the right-of-way.
Rayfield, of course, relies on Sec. 26-56, while Funderburk asserts the pre-eminence of Sec. 26-67(a). As did the trial judge, we find Funderburk's position in this regard to be correct.
In the case of Deshotel v. Southern Farm Bureau Casualty Insurance Company, La. App., 224 So.2d 191, we considered the same two sections of the ordinance pertinent to this case under factual circumstances not unlike the ones before us today. Therein we said:
We find that the above cited ordinance does not grant the driver in a procession the right to disregard traffic signals. Section 26-56 sets forth the rules regarding processions except where the procession is traveling through controlled intersections. Section 26-67 overrides Section 26-56. To hold otherwise would be to conclude that the ordinance allowed for mass confusion.
Counsel attempt to distinguish the Deshotel case on the basis that the procession therein involved was not a funeral procession, but rather, ". . . a spontaneous procession unsanctioned by local authorities and composed of 60 to 80 cars led by a Louisiana State Police unit from another area." We do not regard this as being a valid distinction, as in using the term "procession", Sec. 26-56 in no way limits itself to a funeral procession. Likewise our language in the Deshotel case was not intended to be limited in its applicability to the type of procession therein involved.
To allow participants in a procession to drive through intersections in wanton disregard of the traffic signals set up to control passage through the intersection would be to give such persons rights which are not even afforded to operators of emergency vehicles. LSA-R.S. 32:125, Dupre v. Carter, La.App., 250 So.2d 831. This we are not prepared to do.
Since Rayfield admittedly drove her vehicle into the intersection, through a red light, and in reliance only on her status as part of the funeral procession, we find that the trial court correctly concluded that she was negligent and that her negligence was a proximate cause of the accident.
Both Mrs. Funderburk and her passenger testified that the traffic light was green in their favor as they travelled a distance of one city block in their approach to Seventh Street. During this time Funderburk had an unobstructed view of the intersection. Since the automobiles in the funeral procession were spaced approximately one and one-half car lengths, or 30 feet, apart, a number of them must have crossed the intersection against the red light as Mrs. Funderburk approached. Whether or not she saw the procession passing, a disputed point in the testimony, is immaterial, as a motorist is held to have seen that which he should have seen. Landry v. State Farm Mutual Automobile Insurance Company, La.App., 215 So.2d 226; Veith v. Travelers Insurance Company, La.App., 204 So.2d 671.
The fact that automobiles with their lights on were crossing the intersection against a red traffic light was sufficient notice to Funderburk that she could no longer rely on the right of way given her by the green light. A green light does not give a motorist the carte blanche right to cross intersections in total disregard of possible dangers. Ashenfelter v. Gertrude Geddes Willis Life Insurance Company, La.App., 209 So.2d 299; and cases therein cited. Yet, in spite of the warning provided by the crossing vehicles, Mrs. Funderburk drove into the intersection without so much as slowing her speed. This clearly constituted negligence on her part which likewise was a proximate cause of the accident, and the trial court was correct in so holding.
*781 For the above and foregoing reasons the judgment of the District Court is affirmed at the costs, in both consolidated cases, of defendants Funderburk, Rayfield, and Government Employees Insurance Company.
Affirmed.