274 So.2d 781 (1973)
Amelia DAVIS, Plaintiff and Appellee,
v.
Herman H. FUNDERBURK et al., Defendants and Appellants.
No. 4119.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Gold, Hall, Hammill & Little, by Henry Bruser, III, Alexandria, for defendants in reconvention and defendants-appellants.
Kramer & Kennedy, by Bernard Kramer, Alexandria, for defendant-appellant.
David A. Sheffield, Alexandria, for plaintiff in reconvention and plaintiffs-appellees, Carol L. Rayfield and Amelia Davis.
Stafford, Pitts & Stafford, by Grove Stafford Jr., Alexandria, for defendants-appellees, Gov. Emp. Insurance Co. and Carol L. Rayfield.
Knight E. Doggett, Alexandria, for plaintiff-appellee.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
*782 DOMENGEAUX, Judge.
This is a companion case to that of Funderburk v. Rayfield, La.App., 274 So.2d 777, No. 4118 on our docket. See our opinion therein, handed down this date, for a discussion of the facts and substantive law applicable thereto.
The procedural questions are raised herein of whether the purported appeal of Davis is valid, and if not, whether the answer to her appeal filed by Rayfield and her insurer, Government Employees Insurance Company, can be considered. We decide both issues in the negative and therefore to not concern ourselves with the merits of the alleged-appeal and answer thereto.
On due motion, Davis obtained an order from the District Court permitting her to "file and prosecute" an appeal in forma pauperis. She never, however, actually filed an appeal or received an order granting same. Unless a party litigant obtains an order of appeal duly granted by the trial court, there can be no appeal. LSA-C.C.P. Art. 2121; Thomas v. Reliance Insurance Company, et al, La.App., 215 So.2d 515, and cases therein cited. We cannot regard the order permitting her to proceed in forma pauperis as an order of appeal. It is styled, "Motion for Privilege to Litigate Without Prior Payment of Cost." Nowhere does it state that Davis moves for an order of appeal, it merely stating in this regard, that she, "... desires to obtain a Devolutive Appeal...." The resultant order merely permits her to "... file and prosecute these legal proceedings without being required to pay costs of Court in advance, as they accrue or to furnish security thereof." It sets no return date. In our opinion all that was accomplished by obtaining the order was relief from the imposition of an appeal bond should an appeal be taken. In that sense it may be analogized to an appeal bond, the filing of which is insufficient to secure an appeal. In McKnight v. Denouvion, 22 La.Ann. 373, our Supreme Court wrote:
We find no order of appeal in the record. The mere filing of a motion for appeal with an appeal bond, does not divest the court below of jurisdiction and invest the same in this court. The order of appeal is essential, it matters not in what form the application is made whether by motion or by petition.
In oral argument counsel for Davis stated that he moved for, and was granted, an appeal in open court, yet such is not reflected in the minutes of the District Court. With full respect for esteemed counsel, and implying no dispersions upon his credibility, we hold that in the absence of a minute entry showing that such was granted by the trial court, an appeal based on an oral motion cannot be allowed. This holding is consistent with the general rule of appellate review restricting us to that which is contained in the record. To take a different position would not only be violative of that cardinal rule of restraint on appellate courts, but would also open a virtual Pandora's box filled with possibilities of abuse.
The appeal taken in the early case of Moore v. Simms, 21 La.Ann. 649, was dismissed by the Supreme Court because the minutes of the trial court did not show that appeal was granted and no appeal was granted on written motion. This notwithstanding the fact that the district judge filed an affidavit stating that an appeal had been granted on oral motion in open court but was not reflected in the minutes due to an omission of the clerk.
There being no written or oral order of appeal contained in the record we must dismiss the purported appeal of plaintiff Davis.
It follows logically that if there was no valid appeal there could be no valid answer to the appeal. Thus the answer to Davis' appeal filed by Rayfield and Government Employees Insurance Company must likewise be dismissed.
*783 For the foregoing reasons the appeal of plaintiff and answer of defendants are dismissed, leaving no issues for our determination in this case. Accordingly, and for the additional reasons assigned in the companion case of Funderburk v. Rayfield, La. App., 274 So.2d 777, the judgment of the District Court is affirmed.
Affirmed.