GUIDRY, Judge.
This is a tort suit wherein plaintiffs sought to recover special and general damages allegedly sustained as a result of an intersectional collision between a vehicle owned and driven by plaintiff, Walter Guidry and one owned and driven by defendant, Berna D. Como. Plaintiff, Walter Guidry, was joined in this suit by his wife, Hilda, who was riding as Walter’s guest passenger. Also made defendant is the insurer of the Como vehicle, Fireman’s Fund Insurance Company. The defendants filed answer denying any negligence on the part of Berna Como and in the alternative alleged that plaintiffs were contributorily negligent. In addition, defendants filed a reconventional demand urging that in the event it be determined that both drivers were negligent defendants are entitled to indemnity and/or contribution from plaintiff, Walter Guidry for all amounts they may be ordered to pay to Hilda Guidry. The trial court found both drivers negligent but determined that Hilda Guidry was free of negligence, and accordingly rendered judgment rejecting plaintiff, Walter J. Guidry’s demands; allowing recovery of general damages by plaintiff, Hilda Guid-ry, in the sum of $1500.00; and, recovery by defendants, plaintiffs in reconvention, from Walter J. Guidry of one-half of the award made to Hilda Guidry. Walter J. Guidry, plaintiff and defendant in recon-vention has perfected this appeal. Hilda Guidry did not appeal and defendants have neither appealed nor filed answer to the appeal of plaintiff, Walter Guidry. Accordingly, the judgment of the trial court as to Hilda Guidry is final.
The accident giving rise to this litigation occurred at the intersection of Enterprise Boulevard and Jackson Street in the City of Lake Charles, Louisiana. This intersection is controlled by a mechanical traffic light. Plaintiff was proceeding south on Enterprise Boulevard and was one of several cars in a funeral procession. The automobiles comprising the funeral procession had their head lights burning and were proceeding about ten miles per hour maintaining a distance of one to two cars lengths between each car. Defendant was driving west on Jackson Street. When defendant arrived at the intersection the traffic light was red for Jackson Street traffic so defendant stopped. The funeral procession at that time was passing through the intersection southbound on Enterprise Boulevard. As plaintiff approached the intersection the traffic light changed, giving Jackson Street traffic a green light and Enterprise Boulevard traffic a red light. The collision occurred when plaintiff drove through the intersection on a red light and defendant, Como, proceeded on a green light but between the vehicles comprising a funeral procession.
The trial court determined that defendant, Como, although she proceeded on a green light, was negligent in driving between the vehicles comprising a funeral procession in violation of Lake Charles City Ordinance No. 1317, Section 12-50. In support of this conclusion the court pointed to the fact that while Mrs. Como was stopped at the traffic light on Jackson Street several cars, with lights on, moving at a steady pace passed through the intersection traveling south on Enterprise Boulevard. As held by the trial court this was sufficient notice to Mrs. Como that *581 she could no longer rely on the right-of-way given her by the green light. Mrs. Como’s entry into the intersection under these conditions clearly constituted negligence on her part which was a proximate cause of the accident.
Plaintiff, Walter J. Guidry, was also found to be negligent by the trial court. Mr. Guidry testified that as he approached the intersection he noticed the defendant, Como, stopped on Jackson Street. Mr. Guidry admitted he proceeded into the intersection without further attention to the defendant’s automobile, nor did he watch the traffic light to ascertain whether it would be green when he started through. In this connection Mr. Guidry candidly stated, “I was in a funeral procession so I just went on”. The testimony was conclusive that when the Guidry car crossed the intersection the light was red for traffic on Enterprise Boulevard. Considering these uncontroverted facts we, like the trial court, find that the plaintiff, Walter J. Guidry, was negligent in the operation of his vehicle and that his negligence was a proximate cause of the accident.
Plaintiff, Walter J. Guidry, contends that he was not negligent under the circumstances because Lake Charles City Ordinance No. 1317, Section 12-50, grants to drivers in a funeral procession an absolute right-of-way over all other vehicles proceeding on intersecting streets. In support of this argument plaintiff cites the case of Carroll v. Zurich Company (La.App.3rd., 1967), 200 So.2d 765. An examination of Carroll, supra, reveals that under the facts of that case the cited ordinance was not applicable because as found by the court plaintiff having lagged far behind the main body of the procession, plaintiff’s vehicle could not fairly be considered a part of the funeral procession. There is only a slight implication in that decision that the ordinance in question gives a preferential right-of-way at traffic controlled intersections to vehicles in funeral processions, but at best this language is dictum. In any event, the more recent views of this Court on the subject, as expressed in Deshotel v. Southern Farm Bureau Casualty Insurance Co., (La.App.3rd Cir., 1969) 224 So.2d 191, and Funderburk v. Rayfield, (La.App.3rd Cir., 1973) 274 So.2d 777, would be controlling. In Deshotels and Funderburk, supra, this Court in considering the effect of the same or similar ordinances, determined that such an ordinance did not give the driver in a procession an absolute right to disregard traffic signals. The court in Funderburk, supra, stated:
"To allow participants in a procession to drive through intersections in wanton disregard of the traffic signals set up to control passage through the intersection would be to give such persons rights which are not even afforded to operators of emergency vehicles. LSA-R.S. 32:125; Dupre v. Carter, La.App., 250 So.2d 831. This we are not prepared to do."
We agree with the trial court that the accident giving rise to this litigation was caused by the joint negligence of Walter J. Guidry and Berna D. Como and accordingly the judgment of the trial court dismissing the demands of plaintiff, Walter J. Guidry, and on the reconventional demand in favor of plaintiffs in reconvention and against Walter J. Guidry for contribution of one-half of the award to Hilda Guidry should be affirmed.
For the reasons assigned the judgment of the trial court is affirmed at the cost of plaintiff-appellant, Walter J. Guidry.
AFFIRMED.
PETERS, J., concurs and assigns written reasons.