WARD, Judge.
These consolidated cases present claims for damages by Maria Delise, the driver of an automobile hit by a St. Bernard Parish Police Jury ambulance and by Louis L. Delise, Sr., individually and on behalf of his two minor children, Amy and Louis, Jr., who were passengers in the Delise car. Maria Delise filed suit solely against the St. Bernard Parish Police Jury seeking $38,062.36 in damages. Louis L. Delise, Sr., filed suit against his liability insurer, Metropolitan Property and Liability Insurance Company, as well as the St. Bernard Parish Police Jury, for $7,199.65 in medical *730 expenses and $30,000.00 in damages for Amy and $5,000.00 in damages for Louis, Jr. Metropolitan filed a Petition of Intervention to recover medical payments it made for the Delise children.
The Trial Court found that Maria Delise was fifty percent liable for the negligence proximately causing the intersectional collision and that the ambulance driver, Donna Morales, was liable for the other half. The Trial Court found the total amount of damages, including medical expenses, was: $6,000 for Amy Delise; $1,000 for Louis-Delise, Jr.; and $1,000 for Maria Delise. Judgment was rendered against Metropolitan and the St. Bernard Parish Police Jury and in favor of Louis Delise, Sr. and his children accordingly, with each defendant to pay one-half the judgment. Additionally, the judgment decreed that the St. Bernard Parish Police Jury pay $500 to Maria Delise for her damages and $1,605.02 to Metropolitan for medical payments made for the Delise children.
On appeal, the St. Bernard Parish Police Jury complains the Trial Judge erred in finding the driver of its ambulance, Donna Morales, negligent and in not finding that Maria Delise’s negligence was the sole cause of the accident. The Delises argue Morales’ negligence was the sole cause of the accident and, therefore, the Trial Judge failed to award Mrs. Delise adequate damages.
The facts are largely undisputed. The accident occurred at approximately 7:30 p.m. on a rainy September 3rd of 1981, when Donna Morales and her partner were responding to an emergency call in an ambulance owned by the St. Bernard Parish Police Jury. Driving west on West Judge Perez Drive at approximately 35 m.p.h. and operating the ambulance’s emergency lights and siren, Morales came to a red light at the intersection of Center Street. She testified that she slowed down, entered the intersection, and collided with the Delise vehicle as it was going through the intersection on a green light. Before the collision, Maria Delise had been driving east on Center Street, had stopped for a red light at West Judge Perez Drive for at least one minute, and had continued driving when the light changed. Each driver failed to see the other until immediately before impact. Under these circumstances, we believe the Trial Court was correct in finding Morales and Maria Delise equally negligent.
La.R.S. 32:24 prescribes the privileges and duties of the driver of an emergency vehicle as follows:
* * * * * *
B. The driver of an authorized emergency vehicle may:
(1) Park or stand, irrespective of the provisions of this Chapter;
(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation;
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
(4) Disregard regulations governing the direction of movement or turning in specified directions.
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach, except that a police [vehicle] need not be equipped with or display a red light visible from in front of the vehicle.
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.
The degree of care required of the driver of other vehicles, upon the approach of an emergency vehicle, is provided by La.R.S. 32:125 which states:
A. Upon the immediate approach of an authorized emergency vehicle making use of audible or visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the *731 driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
B. This Section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.
Although La.R.S. 32:24 authorizes the driver of an emergency vehicle to exceed speed limits and disregard traffic signals, the statute also expressly provides that the driver is not relieved of the duty to drive with due regard for the safety of others and further states he is responsible for any injury or damage resulting from his breach of duty. Carpenter v. Hartford Accident and Indemnity Co., 333 So.2d 296, 299 (La.App. 1st Cir.1976).
The Trial Court found that Morales proceeded through the red light going at least 25 m.p.h. Visibility was poor and it had been raining all day. Additionally, Morales did not see the Delise vehicle until impact, despite the fact that it was within her range of vision. Morales’ failure to observe Mrs. Delise’s car and her proceeding through a red light at 25 m.p.h. under such poor weather and road conditions constitute negligence. Fleming v. State Department of Hospitals, 308 So.2d 366 (La.App. 1st Cir.1975).
The Trial Court also properly found that Mrs. Delise breached the duty of care required by La.R.S. 32:125. A green light does not give a motorist a carte blanche right to cross an intersection. Funderburk v. Rayfield, 274 So.2d 777, 780 (La.App. 3rd Cir.1973). The duty to yield the right of way arose when the ambulance approached the intersection using its audible and visible emergency signals. Cassity v. Williams, 373 So.2d 586 (La.App. 3rd Cir.1979). When Mrs. Delise failed to hear the ambulance’s siren, failed to see its emergency light, and failed to yield the right of way to the ambulance, she breached the statutory duty of La.R.S. 32:125.
For the foregoing reasons, we conclude the Trial Judge’s assessment of liability and damages is correct.
Affirmed.