# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-132

**EARLINE ALLEMAN, ET AL.**

**VERSUS**

**BELINDA M. ROMERO, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-1145
HONORABLE JULES D. EDWARDS III, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Edwin Gustav Preis, Jr.**
**L. Lane Roy**
**Dawn L. Morris**
**Preis, Kraft & Roy**
**P. O. Dr. 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendant/Appellee:**
     **Michael Neustrom, Sheriff**

**George Edward Williams, Jr.**
**Rabalais Law Firm, LLC**
**P.O. Box 54024**
**Lafayette, LA 70505-4024**
**(337) 289-6555**
**Counsel for Defendant/Appellee:**
     **Michael Neustrom, Sheriff**

**Rusty Galloway**
**Galloway & Jefcoat, L.L.P.**
**P. O. Box 61550**
**Lafayette, LA 70596**
**(337) 984-8020**
**Counsel for Plaintiffs/Appellants:**
  **Earline Alleman**
  **Betty A. Miller**
  **Ira Landry**

**DECUIR, Judge.**

Plaintiffs, Earline Alleman, Betty Miller, and Ira Landry, appeal the dismissal of their suit against the Lafayette Parish Sheriff's Office via summary judgment. For the reasons which follow, we reverse and remand for further proceedings.

The instant suit stems from an automobile accident which occurred on October 2, 2002 in Lafayette Parish. Betty Miller was driving a vehicle owned by Ira Landry. In the vehicle with Miller was her mother, Earline Alleman. They were part of a funeral procession traveling on U.S. Highway 90 from Rayne to Scott through the town of Duson. The procession was escorted by two Lafayette Parish Sheriff's deputies. As they passed through Duson, the first intersection controlled by a traffic light was secured by one of the deputies, allowing the procession to cross the intersection regardless of whether the light was red or green.

The second intersection controlled by a traffic light, Highway 90 and Richfield Road, was not secured by the deputies. When Miller approached the intersection, she disregarded the red light and continued to follow the car in front of her in order to remain in the procession. The defendant, Belinda Romero, proceeded through the intersection from Richfield Road on a green light, immediately after crossing a slightly elevated railroad track, and collided with Miller's vehicle. Both the plaintiffs and Romero allege fault on the part of the sheriff's deputies for failing to secure the intersection and failing to escort the funeral procession in a non-negligent manner.

The Sheriff moved for summary judgment, alleging it was entitled to judgment as a matter of law as the case presents no genuine issue of material fact. The Sheriff alerted the trial court to the "common misconception that participation in a funeral procession gives such participants greater rights than that of other drivers." The affidavit of an expert in the field of law enforcement was offered and included the following statement: "No member of the Lafayette Parish Sheriff's Office took

control of the intersection where this accident occurred nor was it necessary that they do so since the traffic control was functioning normally and provided a green light for the funeral procession to proceed."

In granting summary judgment in favor of the Sheriff's Office, the trial court concluded no material facts were in dispute. The court explained, "The facts that are not in dispute are that the plaintiff enters an intersection that was not controlled by a deputy sheriff but was controlled by a traffic signal, and the signal displayed to her was red."

We are called upon to determine if the trial court's decision in dismissing the Sheriff's Office was correct. Consequently, we are governed by a strict standard of review. In the factually similar case of *Siripanyo v. Allstate Indemnity Co.,* 03-559 (La.App. 3 Cir. 12/23/03), 862 So.2d 1254, *writ denied*, 04-182 (La. 3/19/04), 869 So.2d 860, this court determined that summary judgment in favor of a sheriff's deputy who had not yet arrived to escort the funeral procession was inappropriate. Discussing the standard of review, we held:

> Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is now favored and shall be construed to accomplish these ends. La.Code Civ.P. art. 966(A)(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art.966(B). A fact is material when its existence or nonexistence is essential to the plaintiff's cause of action. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the summary judgment motion and in favor of trial on the merits.

> In determining whether liability exists in a tort case, Louisiana has adopted a duty-risk analysis. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the duty was

2

breached by defendant, and the risk of harm was within the scope of protection afforded by the duty breached.

862 So.2d 1257-58 (citations omitted).

The *Siripanyo* court reversed summary judgment in favor of the sheriff because factual questions remained as to why the procession was unescorted at the time of the accident. Similarly, in *LeJeune v. Allstate Insurance Co.,* 365 So.2d 471 (La.1978), the supreme court determined that an officer who failed to secure an intersection as a funeral cortege passed through was negligent and his negligence was a cause-in-fact of the ensuing accident.

In the instant case, the Sheriff has acknowledged the "common misconception" that participants in a funeral procession may run through red lights. This statement indicates that escorting law enforcement officers anticipate that participants may ignore traffic signals. Additionally, in this case, the expectation of Betty Miller as she approached the controlled Richfield Road intersection may have been affected by the fact that previous intersections were secured by the escorting officers. These considerations raise the question of whether the sheriff's deputies in this case were in any way negligent in carrying out their duties as escorting officers. Determination of the officers' potential comparative negligence is a factual question and is not precluded by a finding of negligence on the part of the drivers involved in the accident. The fact that Miller's actions are undisputed is immaterial to a finding of fault on the part of the Sheriff's Office.

The Sheriff's expert explained that it was not necessary for the lead escorting officer to secure the intersection because the light was green when he passed through it. This statement begs the question: Did the officer expect the funeral procession to break up when the light turned red? Or, conversely, did he expect the cross traffic which was stopped for the red light when he passed to remain stopped at the light

3

until the procession ended? Did he expect cars traveling on Richfield Road approaching the intersection on a green light to timely realize that a procession was in progress? In addition to these considerations, it is interesting to note that while some jurisdictions have local ordinances governing the formation of processions, the parties have not indicated that Lafayette Parish has enacted any such regulations.

Louisiana has a longstanding tradition of funeral processions usurping the right of way on roads and highways all across the state. Most drivers who realize a procession is in progress will yield the right of way. It may be more difficult to notice a procession in recent years as most cars have illuminated headlights during daylight hours. The escorting job has also been made more difficult as traffic volumes increase and more traffic lights are installed. The facts herein as well as the jurisprudence of this state illustrate a consistent dichotomy between traffic regulations and the custom of funeral processions. *See LeJeune; Deshotel v. Southern Farm Bureau Cas. Ins. Co.,* 224 So.2d 191 (La.1969); *Siripanyo; Pickett v. Jacob Schoen & Son, Inc.,* 488 So.2d 1257 (La.App. 4 Cir. 1986); *Guidry v. Como,* 332 So.2d 579 (La.App. 3 Cir. 1976); *Funderburk v. Rayfield,* 274 So.2d 777 (La.App. 3 Cir. 1973). Accordingly, the possible negligence of the escorting officers in this case is a factual question not properly disposed of via summary judgment.

For the above and forgoing reasons, the judgment of the trial court in favor of the Lafayette Parish Sheriff's Office is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to the Lafayette Parish Sheriff's Office.

**REVERSED AND REMANDED.**

4