# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-1586

WANDA BATISTE

VERSUS

FARM BUREAU, ET AL.

**************
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, DOCKET NO. 05-69152
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.

**REVERSED.**

Thomas J. DeJean
DeJean & Leger, L.L.C.
806 South Main Street
Opelousas, Louisiana 70570
(337) 948-9066
COUNSEL FOR PLAINTIFF/APPELLANT:
    Wanda Batiste

Fred Schroeder
Craig E. Frosch
Usry, Weeks & Matthews
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
(504) 592-4600
COUNSEL FOR DEFENDANT/APPELLEE:
    St. Martin Parish Sheriff Ronny Theriot

**Charles C. Garrison**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**Post Office Drawer 12410**
**209 West Main Street, Suite 200**
**New Iberia, Louisiana 70562-2410**
**(337) 364-1816**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Jeffery C. Faulk**
    **Louisiana Farm Bureau Casualty Insurance Company**


**Edward P. Landry**
**Landry, Watkins, Repaske & Breaux**
**Post Office Drawer 12040**
**New Iberia, Louisiana 70562-2040**
**(337) 364-7626**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Delhomme's Funeral Home, Inc.**

**COOKS, Judge.**

## STATEMENT OF THE CASE

This case arises out of a vehicular accident involving Wanda Batiste and Jeffery Faulk. On April 7, 2004, Ms. Batiste was a front-seat passenger in a vehicle driven by her daughter-in-law, Juanita Miller. The two ladies were traveling along Martin Luther King Drive in St. Martinville, Louisiana, approaching the traffic light at the intersection with La. Hwy. 96. Since the light was green for Ms. Miller, she proceeded through the intersection. As she entered the intersection, she was struck by a vehicle driven by Jeffery Faulk, a participant in a funeral procession on his way to the St. Martinville Cemetery. Mr. Faulk admitted in his deposition that the traffic light was red when he proceeded through the intersection. That fact is not at issue. The funeral originated in Lafayette from Delhomme Funeral Home. The funeral home director stated the sheriff's department was called into service to handle the procession to the cemetery. Major Ivy Perioux of the St. Martin Parish Sheriff Department was the escort vehicle. Major Perioux testified he met the procession at the St. Martin Parish line and remained at the head of the procession as it traveled down La. Hwy. 96 toward the cemetery. Major Perioux stated when he approached the intersection of La. Hwy. 96 and Martin Luther King Drive the light was green. He made no effort to secure the intersection for the individuals traveling behind him in the funeral procession. He stated he did not learn of the accident until he arrived at the cemetery several minutes later.

Ms. Batiste filed suit against Jeffery Faulk and his insurer, Farm Bureau. She later amended the petition naming the St. Martin Parish Sheriff's Department and Delhomme Funeral Home. The sheriff's department filed a motion for summary judgment which was granted by the trial court. Ms. Batiste filed this appeal. For the

1

reasons assigned below, we reverse the judgment of the trial court granting summary judgment in favor of the sheriff's department and remand for trial on the merits.

## LAW AND DISCUSSION

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is material when its existence or nonexistence is essential to the plaintiff's cause of action. *Davis v. M & E Food Mart, Inc. No. 2*, 02-585 (La.App. 3 Cir. 10/30/02), 829 So.2d 1194. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the summary judgment motion and in favor of trial on the merits. *Id.*

### *Duty of the Sheriff's Department*

Ms. Batiste contends the trial court erred in granting summary judgment in favor of the St. Martin Parish Sheriff's Department. The Sheriff contends it does not owe a duty to participants of a funeral procession to ensure a safe passage to the cemetery. The liability of the St. Martin Parish Sheriff's Department is analyzed under the duty-risk theory of recovery. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606. Under the duty-risk analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the duty was breached by defendant, and the risk of harm was within

2

the scope of protection afforded by the duty breached. *Id.*; *Siripanyo v.Allstate Indemnity Co.*, 03-559 (La.App. 3 Cir. 12/23/03), 862 So.2d 1254.

The duty of the sheriff's department when called into service to provide an escort for a funeral procession was articulated by the Louisiana Supreme Court in *LeJeune v. Allstate Insurance Co.*, 365 So.2d 471 (La.1978), as follows:

> Deputy Smith's duty was to do what was necessary to ensure that the funeral cortege could pass safely through the intersection, despite the automatic signals that designated Highway 10 the road the cortege had to cross as the favored highway. The customary method of ensuring safe passage across such a favored highway is to secure the intersection by blocking the favored road with a police vehicle whose flashing red light would be a signal to approaching traffic that the automatic signal was being superseded.

*Id.* at 476.

In *Siripanyo*, this court determined that summary judgment in favor of a sheriff's deputy who had not yet arrived to escort the funeral procession was inappropriate, stating "if a police department agrees to provide its services as an escort it must do so in a non-negligent fashion." *Siripanyo,* 862 So.2d at 1259-60.

A factual situation similar to the one presented here arose in *Alleman v. Romero,* 06-132 (La.App. 3 Cir. 5/31/06), 931 So.2d 538. In *Alleman,* the plaintiffs were part of a funeral procession and proceeded through an unsecured intersection on a red light in order to remain in the procession. The plaintiffs' vehicle was struck by another vehicle. The sheriff argued at the hearing that there is a "common misconception that participation in a funeral procession gives such participants greater rights than that of other drivers" and the sheriff's department is under no obligation to secure each and every intersection on the route to the cemetery. *Id.* at 539. This court acknowledged the "consistent dichotomy between traffic regulations and the custom of funeral processions" but held "the possible negligence of the escorting officers in this case is a factual question not properly disposed of via

3

summary judgment. *Id*. at 540.

In the present case, Major Perioux argued he was under no obligation to secure the intersections because "it's Louisiana law, everyone has to stop [for a red light]." He stated the department's only obligation is as an "escort vehicle" at the front of the procession and the department has no obligation to secure the intersections for those individuals at the back of the line. He stated in deposition testimony:

> Q    Okay. You indicated that your personal practice is when you approach an intersection in the lead vehicle in the sheriff's department vehicle and the light controlling your direction of travel is red, that you come to a stop at that intersection.
>
> A.    On most. Yeah, I would say I come to a stop or slow down. Or I start slowing down about a mile - - about maybe a block before if the light's visible, where, you know, I'll allow the light to turn green again, by going real slow.
>
>       Usually when you get in town, the funeral procession's usually not traveling more than 20 miles an hour. So if I'm looking - - if I'm able to see the light, you know, on Highway 96, you can.
>
> Q.    What do you do if the light hasn't turned green at the time that you are close to it?
>
> A.    I'll stop.
>
> Q.    And for how long will you stop?
>
> A.    I'll stop until it turns green, I proceed. And in Louisiana law, if the light turns red again, they have to stop, too.
>
> Q.    All right. So you are not interested that procession make it to a funeral or to the cemetery or to the funeral home, or the church, in one group?
>
> A.    No. A lot of time - - a lot of times, especially if it's coming from out of town, you have people scattered at least a mile long sometimes, depending on what speed they're traveling, you know, or what they incurred when you're coming from out of town. You don't know.

We agree with our earlier holding in *Siripanyo,* 862 So.2d 1254, that if the sheriff's department undertakes the responsibility of escorting a funeral procession, they must do so in a non-negligent manner. The question of whether Major Perioux

4

fulfilled his responsibility to Ms. Batiste is a question of fact not properly disposed of by summary judgment. Accordingly, we reverse the judgment of the trial court granting summary judgment in favor of the St. Martin Parish Sheriff's Department and remand for trial on the merits.

## DECREE

Based on the foregoing review of the record, we reverse the decision of the trial court and remand for trial on the merits. All costs of this appeal are assessed against the St. Martin Parish Sheriff's Department.

**REVERSED.**