829 So.2d 1194 (2002)
Gordon Neal DAVIS, et al.
v.
M & E FOOD MART, INC. NO. 2 d/b/a Market Basket.
No. 02-0585.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
*1195 David B. McCain, Brame & McCain, Lake Charles, LA, for Plaintiffs/Appellants, Gordon Neal Davis, Gloria Jean Davis LeGros, Dorothy Diann Davis.
Christopher P. Ieyoub, Plauche, Smith & Nieset, Lake Charles, LA, for Defendant/Appellee, M & E Food Mart, Inc. No. 2 d/b/a Market Basket.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and JIMMIE C. PETERS, Judges.
PETERS, J.
The plaintiffs, Gordon Neal Davis, Jean Davis LeGros, and Dorothy Diann Davis, appeal the trial court's grant of a summary judgment dismissing their survival and wrongful death action against the defendant, M & E Food Mart, Inc., No. 2, d/b/a Market Basket Stores (M & E). For the following reasons, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings.

DISCUSSION OF THE RECORD
This litigation arose from an accident which occurred on July 16, 1999, at the defendant's Lake Arthur, Louisiana store. At approximately 6:45 p.m. on that day, Lena Mable Davis, a seventy-six-year-old *1196 lady and the mother of the plaintiffs, slipped and fell in the produce area. She sustained a broken right hip in the fall which required hip replacement surgery. Mrs. Davis died on October 27, 1999, from complications associated with the replacement surgery.
The plaintiffs' suit was met with, among other pleadings, a motion for summary judgment which the trial court ultimately granted, dismissing their suit. They then instituted this appeal, asserting two assignments of error: (1) the trial court erred in concluding that the defendant had exercised reasonable care in keeping its aisles and floors free of hazardous conditions and, (2) the trial court erred in failing to accept circumstantial evidence as proof of the temporal element required of La. R.S. 9:2800.6, in direct contravention of this circuit's decision in Davenport v. Albertson's, Inc., 00-0685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, writ denied, 01-0073 (La.3/23/01), 788 So.2d 427.
In support of its motion for summary judgment, M & E submitted excerpts from the deposition testimony of Gloria Jean Davis LeGross, Garrett Guidry, Brandon Roy, Jennifer Benoit, and David Hanks. In opposition to the motion, the plaintiffs submitted the store's Customer Incident Report prepared by Jennifer Benoit; the entire deposition testimony of Jennifer Benoit, Garrett Guidry, David Hanks, and Brandon Roy; excerpts from the store's Safety Policy Manual; a copy of the store Daily Floor Maintenance Log for the week of the accident; a copy of the store's produce department Daily Floor Maintenance Log; and the affidavits of Diann Davis, Teresa Van Putten, and Linda Gleason Ritchie. The record and these exhibits establish the following facts concerning the incident:
Immediately after Mrs. Davis' fall, Ms. Benoit, who was the store assistant manager, went to her aid. Ms. Benoit instructed Cindy LeBlanc, another employee, to call 911. When Ms. Benoit completed her report documenting the accident, she listed the time of the fall as 6:45 p.m., and listed the cause of the accident as a grape on the floor. She described the grape as being "smashed" on the floor and "still very wet" when she observed the scene. Ms. Benoit documented this finding through photographs of the scene.
Brandon Roy worked as a bagger for the store and was one of the first employees to respond. He also stated that the grape was the only object on the floor he observed upon which Mrs. Davis could have slipped. He also testified that he has noticed grapes on the floor in the store in the past and that he has been instructed to pick up any grapes that he ever saw on the floor.
Garrett Guidry, also a bagger employed by the store, responded immediately to the emergency and noticed the smashed grape on the floor. He and Ms. Benoit cleaned the area after Mrs. Davis was removed and Ms. Benoit had taken photographs.
All of the employees testified about the regular sweeps and hazard inspections that the employees are required to perform daily pursuant to the store safety manual. The affidavits submitted by the plaintiffs describe the general condition of the store and the failure of employees to conduct scheduled sweeps or clean aisles on certain specific days at various times, including times during which regular sweeps should have been conducted.
The section of the store's Safety Manual setting forth the general safety policy states the following:
Safety is a primary concern in all operations of the company.

*1197 All associates are expected to comply with all applicable local, state and federal safety requirements or appropriate industry standards and all company safety rules and regulations at all times and to report any unsafe conditions observed.

(Emphasis added.)
The safety manual also provides a description of each of the required daily inspections as follows:
SWEEP AND MOP LOG
Each store will follow the Company Policy outlined in the Operations Manual for maintaining a Sweep and Mop Log in both the main area of the store and the Produce Department. The sweep & mop log provides for sweeping the entire store numerous times throughout the day. Sweeps are recorded as they are completed and signed by the person completing the task. The logs are to be sent to the corporate office each week and are kept for 3 years.
HAZARD INSPECTION
Daily, at the hours of 8 A.M., NOON, and 6 P.M. the Store Manager will designate a person to walk the store for a hazard inspection. This inspection will be to determine if there are any potential accident sites or situations. If any such potential situations are observed, they will be corrected immediately. Hazard inspections will be recorded on the Hazard Inspection Log and sent to the office with the floor sweep and mop logs weekly.
(Emphasis added.)
The produce department and the store had separate sweep and mop logs. The sweep and mop log sheet for the produce department required sweeping and/or mopping daily at 9 a.m., 1 p.m., 3 p.m., and 6 p.m. The sweep and mop log sheet for the store required sweeping and/or mopping daily at 8 a.m., 10 a.m., 2 p.m., 4 p.m., 6 p.m., and 8 p.m.
Most of the employees admitted that, although the Safety Manual specifically requires a sweeping at specific times throughout the day, they would often simply walk the store and perform a visual inspection. Mr. Guidry stated that it only took him three to four minutes to walk the entire store to perform his inspection at the designated sweep time. He also testified that the store is swept at 8 a.m. and at 8 p.m. and that the store is mopped at 9 p.m. His signature appears on the sweep and mop log for the store for the 6 p.m. time slot. The log indicates that Mr. Guidry swept. According to her deposition testimony, at 6 p.m. on the date of the accident, Ms. Benoit performed an inspection of the store, but she did not sweep. Her signature appears on the hazard inspection log and the produce sweep and mop log for the 6 p.m. time slot. The hazard inspection log indicates that Ms. Benoit found no safety hazards. The produce sweep and mop log reflects that Ms. Benoit neither swept nor mopped. Mr. Roy stated that he actually sweeps if it is his assigned job, but he also stated that he was not sure if the other employees do the same.

OPINION
As a general principle, the summary judgment procedure, as a vehicle by which the "just, speedy, and inexpensive" determination of an action may be achieved, is favored in Louisiana law. La. Code Civ.P. art. 966(A)(2).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not *1198 require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.Code Civ.P. art. 966(C)(2).
We review a trial court's grant of a motion for summary judgment using the de novo standard of review. Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.
Smith v. Our Lady of the Lake Hosp., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.
In determining whether a fact is material, we must consider the substantive law governing the litigation. Davenport v. Albertson's, Inc., 00-0685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, writ denied, 01-0073 (La.3/23/01), 788 So.2d 427.
To prevail in a slip-and-fall suit, the plaintiff must satisfy the typical tort elements of duty, breach, causation, and damages, as well as the requirements of La. R.S. 9:2800.6, which provides, in pertinent part, as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
*1199 The supreme court clarified the constructive notice requirement in its opinion in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. In White, the court emphasized the temporal element, stating that the claimant bears the burden of proving that "the condition existed for some period of time." Id. at 1085. However, it "need not be specific in minutes or hours." Id. at 1084. The court further stated, "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." Id.
In Davenport v. Albertson's, Inc., 00-0685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, we reviewed, under the guidance of White, a trial court's grant of a merchant-defendant's motion for summary judgment. Central to Davenport were the elements of constructive notice and reasonable care. We rejected a rigid requirement for eyewitness testimony and accepted circumstantial evidence for proof of the temporal element. Id. Also, in keeping with White, we permitted the introduction and consideration of circumstantial evidence in the form of affidavits and photographs of conditions of the same store, in the same area of the store, on the same day of the week as the accident, and around the same time as the accident. Id. Regarding the element of reasonable care, we also permitted the introduction and consideration of the same circumstantial evidence. Id.
In the case sub judice, the plaintiffs' case regarding constructive notice is circumstantial, much like the plaintiff in Davenport. No one witnessed Mrs. Davis' accident, and Mrs. Davis is now deceased. Thus, no eyewitness testimony is available. However, the incident report completed by Ms. Benoit indicates the time at which she completed the report. All of the employees deposed testified about the regular sweeps and hazard inspections that the employees are required to perform daily pursuant to the store safety manual. The affidavits submitted by the plaintiff describe the general condition of M & E and the failure of employees to conduct scheduled sweeps or clean aisles on certain specific days at various times, including times during which regular sweeps should have been conducted.
The evidence presented in support of, and in opposition to, the motion for summary judgment could lead a reasonable factfinder to find that the grape had been on the floor in the produce area of the store for some period of time to satisfy the temporal requirement. Constructive notice is a requirement of La.R.S. 9:2800.6, the governing statute of the plaintiffs' case. Therefore, we find that the evidence attached to the plaintiffs' opposition memorandum is sufficient to find that summary judgment in favor of the defendant was improper because of the existence of a genuine issue of material fact as to whether the defendant had constructive notice of the presence of the grape on the floor.

DISPOSITION
For the foregoing reasons, we reverse the trial court's grant of summary judgment in favor of the defendant, M & E Food Mart, Inc. No. 2, d/b/a Market Basket, and remand this matter for further proceedings. We assess all costs of this appeal to the defendant, M & E Food Mart, Inc. No. 2, d/b/a Market Basket.
REVERSED AND REMANDED.