STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 04-659


DORE′ ENERGY CORPORATION

VERSUS

KERRY M. MASSARI, ET AL.


**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-16400
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Oswald A. Decuir, Judges.

REVERSED.

Lawrence Paul Simon  Jr.
LISKOW & LEWIS
P. O. Box 52008
Lafayette, LA 70505
(337) 232-7424
Counsel for: Defendant/Appellant
Kerry M. Massari
Edward A. Pratt

Patrick Donavon Gallaugher  Jr.
Scofield, Gerard, etc.
P. O. Drawer  3028
Lake Charles, LA 70602
(337) 433-9436
Counsel for: Plaintiff/Appellee
Dore′ Energy Corporation

**John C. Guillet**
**Scofield, Gerard, Veron, Etc.**
**P. O. Drawer 3028**
**Lake Charles, LA 70602-3028**
**(337) 433-9436**
**Counsel for: Plaintiff/Appellee**
**Dore′ Energy Corporation**

**SAUNDERS, J.**

This is a suit to cancel a lease. The trial court entered judgment November 19, 2003, cancelling the lease by summary judgment. We reverse.

**FACTS**

On February 2, 1983, Cameron Meadows Land Company granted a hunting lease to Kerry M. Massari. The lease was valid for a ten-year term and contained two options, each to renew for a ten-year period. Subsequently in 1995, Dore′ Energy Corporation (hereafter referred to as Dore′) purchased the land from Cameron Meadows Land Company. On September 26, 2001, Mr. Massari donated the lease to Lawrence P. Simon, Jr. and Edward A. Pratt. Dore′ was not informed of the donation until January 2002, when Mr. Simon sent a letter along with the annual rent payment. Dore′ refused to accept the rent from anyone other than Mr. Massari stating that the donation violated the lease's non-assignment clause. Dore′ requested that the donation be rescinded. Following this correspondence, the donation was rescinded and Mr. Massari paid the rent.

Shortly after rescinding the donation, Mr. Massari exercised the option to renew the lease for another ten-year period. Mr. Pratt paid the annual lease rental in 2003. Upon receipt, Dore′ returned the payment to Mr. Pratt. Mr. Pratt then sent Dore′ a letter explaining that Mr. Massari had once again donated the lease to him on October 16, 2002. Mr. Pratt attached a copy of the donation to the letter he sent Dore′. On this second donation, Dore′ filed suit to cancel the lease.

**PROCEDURAL HISTORY**

Both parties filed for summary judgment. On November 19, 2003, the court granted Dore′s motion for summary judgment and cancelled the lease. The court

denied the defendant's summary judgment motion. Defendants-appellants timely filed a devolutive appeal.

**ASSIGNMENT OF ERRORS**

1) Whether the prohibition in the hunting lease against an assignment or sublease included a prohibition of the donation at issue from Mr. Massari to Mr. Pratt?

2) If the court finds that the donation is a breach of the lease, does the resolutory condition in the donation of the hunting lease operate to rescind the donation?

3) Whether, if this court should find that the donation violates the terms of the lease and that the resolutory condition is ineffective, the court should (I) grant the lessee ten (10) days within which to correct the donation by rescinding the donation, and (II) not declare a termination or cancellation of the lease unless there is a failure to make such correction within those ten days?

**LAW AND ANALYSIS**

The proper standard of review for an appellate court considering summary judgment is *de nova*. "Appellate courts review summary judgments *de novo*. It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Palma, Inc., v. Crane Servs. Inc.*, 03-0614, p. 3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774. (Citations Omitted.) The Louisiana Supreme Court has provided guidance in determining when a fact is material.

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the

2

> trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.

*Davis v. M & E Food Mart, Inc., No. 2,* 02-0585, p. 4 (La.App. 3 Cir. 10/30/02), 829 So.2d 1194, 1198 citing *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512 (La. 7/5/94), 639 So.2d 730, 751.

**ASSIGNMENT OF ERROR NUMBER ONE**

The defendants, Mr. Massari and Mr. Pratt, question whether the prohibition against an assignment contained in the lease includes a prohibition on donations.

Dore′ argues that this donation violates the non-assignment clause of the lease. The lease states, ". . . this lease may not be assigned or sublet in whole or in part." This statement is the basis of Dore′s argument against the donation. Dore′ makes several arguments in support of this. (1) Definitions contained in Black's Law Dictionary and Louisiana Civil Code article 3506 include donations as assignments; (2) Mr. Massari's affidavit is inadmissible to show the intent of the parties; (3) Contract provisions must be interpreted in a way that renders them effective and not ineffective based on Louisiana Civil Code Articles 2048 and 2049.

The defendants propose several theories as to why the prohibition against assignment does not include a prohibition against donations. (1) Based on Mr. Massari's affidavit, the lease was created for pleasure and not for monetary gain and thus, the clause was meant to prohibit any transfer for the acquisition of money; (2) This is a predial lease which is heritable and transferrable by the terms of the lease; (3) Assignment and donation are distinguishable terms, particularly in that a donation is gratuitous and an assignment is onerous; (4) The lease contains a clause that

3

indicates it was meant to be transferrable by donation. "This lease is effective February 1, 1983 and is binding on the parties hereto, their heirs, successors and assigns." Accordingly, as the lease is heritable, it is therefore transferrable by donation; (5) The Louisiana Civil Code and Louisiana case law supports a finding that an assignment is different from a donation. Defendants cite former Louisiana Civil Code Article 1002, which was eliminated in the 1984 revision, but was in effect at the time of the lease. "The donation, sale, or assignment, which one of the co-heirs makes of rights of inheritance, either to a stranger or to his co-heirs, is considered to be, on his part, an acceptance of the inheritance." La.Civ.Code art. 1002. The defendants argue that if donation meant the same as an assignment then the Civil Code drafters would not have specifically listed both.

**DISCUSSION**

The pivotal issue in this case is whether an assignment includes a donation. Louisiana Civil Code Article 2047 states, "[t]he words of a contract must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the contract involves a technical matter." The technical term at issue is "assigned." This contract clearly revolves around a technical matter, i.e., does an assignment include a donation? The clauses at issue in this case are: "[t]his lease may not be **assigned** or sublet in whole or in part," and "[t]his lease is effective February 1, 1983 and is binding on the parties hereto, their heirs, successors, and assigns."

The distinguished Louisiana law expert, Professor Saul Litvinoff, has written on the nature of an assignment. In the Louisiana Civil Law Treatise on The Law of

4

Obligations, Professor Litvinoff draws a clear distinction between assignment and subrogation. Subrogation and assignment have three main differences.

> In the first place, though neither an obligee who subrogates another person to his right nor one who assigns his rights to another warrants the solvency of the obligor, an assignment of rights carries an implied warranty of the existence of the debt.

> In the second place, subrogation is effective against third persons, including the obligor, from the time it takes place, which is expressed by saying that it produces effects *erga omnes,* while an assignment of rights requires notice to the debtor or his express acceptance in order to be effective against third persons.

> In the third place, an assignee may recover from the debtor the full amount of the assigned claim, regardless of the price he actually paid for the assignment. . . . [A] subrogee may recover only the amount that he actually paid to the obligee.

Saul Litvinoff, The Law of Obligations § 11.32, at 283 (Louisiana Civil Law Treatise, Vol. 5, 1992).

Professor Litvinoff points out several differences between an assignment and subrogation, but the most relevant for our analysis is the designation of an assignment as an onerous transaction.

> The main consequence of subjecting subrogation by the obligee to the rules that govern assignment of rights is that, regardless of the amount he paid to the obligee, the third person, or subrogee, may recover from the obligor the full amount originally owed by the obligor to the obligee. As shown before, traditional law provided a different solution that only allowed the third person to recover the amount he had actually paid to the obligee. That was so because the **pertinent provisions of the traditional civil codes contemplate assignment of rights as an onerous transaction** from which the third person intends to derive profit by buying the obligee's credit, no doubt for less than its face value, while **subrogation by the obligee has traditionally been regarded as resulting from an act gratuitous** on the part of the third person, or subrogee, who pays the obligor's debt because he wants to help him and not for the purpose of making any profit.

Saul Litvinoff, The Law of Obligations § 11.34, at 284 (Louisiana Civil Law Treatise,

Vol. 5, 1992) (emphasis added).  This in-depth analysis provided by Professor Litvinoff references the traditional comprehension of assignments as onerous transactions.

We note that articles in the Louisiana Civil Code and Louisiana case law dovetail with Professor Litvinoff's analysis.  In Louisiana Civil Code Article 2652, a sale is equated to an assignment.

Sale of Litigious Rights:

When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.

La.Civ.Code art. 2652.  The use of the terms "sale" in the title and "assigned" in the text of the article suggest an appreciation by the redactors of the similarities between the two types of conveyances as, indeed, they are used interchangeably in this instance.[1]

The delineating characteristic of an assignment is that it is an onerous transaction and it is between an assignor and assignee.  Assignments and donations are both methods of transferring ownership, but the defining difference is that a donation is gratuitous, where an assignment is onerous.  A donation is a transaction that is "purely gratuitous, or that which is made without condition and merely from liberality." La.Civ.Code art. 1523.  The code establishes only one way to dispose of property gratuitously, and that is by donation,  not assignment. "Property can neither

---

[1]

In analyzing this article we observed that the code uses the terms "sale" and "assigned" interchangeably in the text and in the title.  We are, however, fully aware that titles of articles do not constitute law.  "Headings to sections, source notes and cross references are given for the purpose of convenient reference and do not constitute part of the law."  La.Rev. Statutes 1:13.  We further note that recently the Louisiana Supreme Court stated, "[a]lthough we recognize that the title of a statute is not the law, we can look to the title to get a general understanding of the meaning of the statute's words." *Dufrene v. Video Co-op & La. Workers' Compensation Corporation,* 02-1147, p. 11 (La. 4/9/03) 843 So.2d 1066, 1073.

be acquired nor disposed of gratuitously, unless by donations *inter vivos* or *mortis causa*, made in the forms hereafter established." La.Civ.Code art. 1467.

This distinction between donations and assignments is further evidenced in the code by the following language, "[r]ights and obligations arising from a contract are **heritable and assignable** unless the law, the terms of the contract or its nature preclude such effects." La.Civ.Code art. 1984 (emphasis added). The drafters' choice of words in article 1984, clearly indicate an intent to distinguish donations from assignments because for something to be heritable it must be capable of being donated, and donations are gratuitous. Under this article, contracts may be donated or assigned unless the contract contains provisions to the contrary. Moreover, this article also supports the appellants' position that donations and assignments are separate, distinct modes of transferring ownership as suggested through prior Louisiana Civil Code Article 1002. "The donation, sale, or assignment, which one of the co-heirs makes of rights of inheritance, either to a stranger or to his co-heirs, is considered to be, on his part, an acceptance of the inheritance." La.Civ.Code art. 1002. These articles support Professor's Litvinoff's position that an assignment is an onerous transaction and also the appellants' contention that an assignment is not all inclusive as it does not include donations.

We note further that the code articles dealing with assignments appear in Title VII entitled **SALES,** and not in Title II, the book of **DONATIONS.** It is evident from the placement of the code articles that the redactors recognized "assignment" and "donation" to be different forms of conveyance, as the only time assignment is used is in the articles on sales. The code treats the two concepts as separate and

distinct modes of transferring ownership.

Professor Litvinoff's writings establish that assignments have traditionally been associated with onerous transactions. This distinction has also been recognized in Louisiana jurisprudence with courts drawing a distinction between assignments and donations and equating assignments with sales. "Therefore, this court concludes that, under Louisiana law, a victim's personal injury right is strictly personal. Because it is strictly personal, it may not be donated or assigned." *Covert v. Liggett Group, Inc.*, 750 F.Supp. 1303, 1309 (M. D. La. 1990). Clearly if assign included donation, then the courts would not continue to differentiate between the two by including both terms. Also in *Succession of Bernice Addison Brumfield v. Brumfield*, 96-7508 (M.D. La. 1998) 1998 WL 834999, the court stated, "[s]ince Noel A. Brumfield executed the renunciation in exchange for the valuable consideration mentioned above, it follows that such a transaction was a sale or assignment of Noel's rights in the succession." This case suggests that sale and assignment are analogous in that each is an onerous conveyance.

In *Berwick Mud Co., v. Stansbury*, 205 So.2d 147, 149 (La.App. 3 Cir. 1967) this court stated, "[i]t is well settled that the assignment of a lease is a sale of a real right." Also, in *Mire v. Sunray DX Oil Co.*, 285 F.Supp. 885, 890 (W.D. La. 1968), the court noted that "[t]o sublease is to lease in whole or in part the thing of which one is the lessee, with reservation of an interest in it by the original lessee, or sublessor; while to assign a lease is to sell it." Thus, we see that both the drafters of the Civil Code and the Jurisprudence of our courts recognize the distinction between donations and assignments.

8

Dore's primary contention is that an assignment includes a donation based on Black's Law Dictionary and the Louisiana Civil Code Article 3506. Dore' argues that the Civil Code's definition of assigns covers all types of transfer. "Assigns means those to whom rights have been transmitted by particular title; such as sale, donation, legacy, transfer or cession." La.Civ.Code art. 3506. Dore' relies on Black's Law Dictionary to provide definitions for the terms assignment and assignor. An assignment is defined as "[t]he transfer of rights or property." Black's Law Dictionary 115 (7th Ed. 1999). Assignor is defined as "[o]ne who transfers property rights or powers to another." *Id.* at 116.

Dore's reliance on these definitions is misplaced, as these definitions do not suggest that an assignment includes a donation. Nothing in the definition of assignment alludes to acts of gratuity, and this is the critical distinction between an assignment and a donation. The plaintiffs also fail to cite any jurisprudence that supports their arguments which are based solely on their analysis of Black's Law Dictionary and Louisiana Civil Code Article 3506. We find these arguments unpersuasive.

It follows from the preceding discussion that Mr. Massari did not violate the terms of the contract by donating the property to Mr. Pratt. The contract at issue only eliminated the lessee's ability to assign the lease – not to donate it. This contract clearly contemplated a type of donation as it provided for a continuous effect on Mr. Massari's heirs. "This lease is effective February 1, 1983 and is binding on the parties hereto, their heirs, successors, and assigns." Had the parties intended to prevent donations, they would have specifically forbidden it in the clause setting forth

9

the parameters of the lessee's rights, but the clause only prohibited an assignment and a sublease.

Therefore, this court finds that an assignment does not include a donation, and thus the donation is not prohibited by the terms of the contract. Accordingly, the donation is valid and binding on the parties.

**ASSIGNMENTS OF ERROR NUMBER TWO AND THREE**

The defendants argue that if the court finds the donation to be a breach, then the resolutory condition should operate to rescind the donation. The defendants also request ten days to cure the breach. However, as we have determined that an assignment does not include a donation, we need not discuss these remaining issues.

**CONCLUSION**

We therefore reverse the trial court's decision that the donation violated the non-assignment clause, and find that the donation is valid. We reverse the trial court's grant of summary judgment in favor of Dore′/appellee and grant summary judgment in favor of the defendants/appellants. Costs of this appeal are assessed to Dore′/appellee.

**REVERSED.**