# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CA 05-294 consolidated with CA 05-295, CA 05-296

CARLA CREDEUR

VERSUS

JAYCO, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20001779
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**REVERSED.**

**J. Michael Wooderson**
**P.O. Box 53516**
**Lafayette, LA 70505**
**(337) 234-5919**
**Counsels for Plaintiff/Appellant:**
**Carla Marie Credeur**

**Samuel E. Masur**
**Bart J. Hebert**
**Gregory G. Duplantis**
**Gordon, Arata, McCollam, Duplantis, & Egan, L.L.P.**
**P.O. Box 81829**
**Lafayette, LA 70598**
**(337) 237-0132**
**Counsels for Defendants/Appellees:**
**Jayco, Inc.**
**Liberty Mutual Insurance Company**

**John P. Guillory**
**The Dill Firm**
**P.O. Box 3324**
**Lafayette, LA 70502**
**(337) 261-1408**
**Counsel for Defendant/Appellee:**
**MTI Industries, Inc.**

**Timothy J. McNamara**
**Greg R. Mier**
**Janice M. Reeves**
**Onebane Law Firm**
**P.O. Box 3507**
**Lafayette, LA 70502**
**(337) 237-2660**
**Counsels for Defendant/Appellee:**
**Atwood Mobile Products, Inc.**

**SAUNDERS, Judge.**

Emery Thibodeaux died from injuries sustained during a propane fire in his camper. The camper's gas detector did not sound a warning of the buildup of propane. A postaccident investigation indicated that the detector was not connected to its power source. Mr. Thibodeaux's girlfriend testified that he previously disconnected the detector, and she and his father further testified that the detector had been reconnected at the time of the fire. The trial court concluded that it was undisputed that the detector was disconnected, not only at the time of the investigation, but also at the time of the fire. Based upon this factual determination, which is inappropriate in a summary judgment proceeding, the court determined that the disconnection of the detector barred recovery because it was not a reasonably anticipated use of the product. We reverse.

**FACTS AND PROCEDURAL HISTORY**

The accident giving rise to this litigation occurred during the early morning hours of January 2, 2000. Earlier in the prior evening, Emery Thibodeaux and his girlfriend, Carla Credeur, hosted a small gathering at Emery's camper on the Acadiana Campground. Emery's parents, Anatole and Ella Mae, as well as Matt and Laura Cormier attended. Ms. Credeur stated that everyone was standing in the kitchen area or seated at the dinette table. She remembers Emery and Ella Mae Thibodeaux leaning against the camper's stove. The party broke up some time around 10:00 p.m., and Emery and Carla went to bed.

At approximately 10:00 a.m. the next morning, Emery awoke and told Carla he was going to the restroom. He left the bedroom then returned to get a cigarette lighter. Emery went into the kitchen area to smoke. Carla stated that she then heard a loud noise followed by Emery calling her name. When she got to the bedroom

door, she saw that Emery was on fire. He grabbed a fire extinguisher and sprayed himself and Carla. The couple then exited the trailer. Emergency personnel arrived and transported both of them to Lafayette General Hospital. They were then transferred to the Burn Unit at Baton Rouge General Hospital. On January 8, 2000, Emery died from the burns he sustained.

Fire investigators discovered that one of the knobs of the camper stove was in the "on" position allowing propane to fill the camper. The propane then combusted when Emery lit the cigarette lighter. Subsequently, it was discovered that, at the time of the investigation, the wiring connecting the detector to its power source was disconnected. Carla told the investigators that Emery did this while on a previous camping trip because the alarm was activated by Carla's hairspray. The investigators believed that the detector remained disconnected; however, when deposed, both Carla and Anatole testified that Emery reconnected the detector the day after he originally pulled the wires loose.

In three separate actions, Carla Credeur, Tammy Beck as tutrix of the minor, Bradley James Thibodeaux, and Anatole Thibodeaux, all filed suit against: Amerigas (supplier of propane gas to Doucet Ace Hardware), Doucet Ace Hardware, Inc. (supplier of propane gas to Steven's Mobile Home & RV Center, Inc.), Steven's Mobile Home & RV Center, Inc. (seller of the camper), Atwood Mobile Home Products, Inc. (manufacturer of the camper's stove), Manchester Tank Co. (manufacturer of the propane tanks on the camper), MTI Industries, Inc. (manufacturer of the camper's gas detector), and Jayco, Inc. (alleged manufacturer of the camper). In each of the three suits, all defendants except Doucet and Amerigas filed motions for summary judgment. Before the court ruled on these motions,

2

settlements were reached with all defendants except Atwood, MTI, and Jayco. Atwood settled after its motion for summary judgment was denied. The trial court then granted the motions for summary judgment in all three suits dismissing Jayco and MTI as party defendants. All three plaintiffs appealed, and we consolidated the matters for consideration on appeal.

## ASSIGNMENT OF ERROR

The trial court erred in granting the Motion for Summary Judgment in favor of defendants Jayco, Inc. and MTI, Industries, Inc.

## STANDARD OF REVIEW

Appellate courts conduct a *de novo* review of rulings on motions for summary judgment. "It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Alfred Palma, Inc., v. Crane Servs. Inc.,* 03-0614, p.3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774. La.Code Civ.P. art. 966(B).

## LAW AND ANALYSIS

Plaintiffs begin their analysis by arguing that, if Atwood's motion for summary judgment was denied, Jayco's motion must likewise be denied. The trial court denied the motion for summary judgment filed by Atwood, the manufacturer of the stove, citing issues of material fact regarding possibly defective conditions present in the stove. Citing La.R.S. 9:2800.53 (1)(C), plaintiffs contend that Jayco, who installed the stove into their camper, should also be considered a manufacturer. When Jayco is deemed to be a manufacturer, plaintiffs argue, the same possibly defective conditions in the stove precluding summary judgment on Atwood's behalf must also

3

preclude summary judgment on Jayco's behalf. We agree.

Pursuant to La.R.S. 9:2800.53(1)(C), Jayco, as averred by plaintiffs, must be considered a manufacturer because Jayco "incorporate[d] into the product a component or part manufactured by another manufacturer." One component incorporated into Jayco's camper was the stove manufactured by Atwood. The trial judge ruled that issues of material fact relating to the defectiveness of the stove precluded granting summary judgment. According to La.R.S. 9:2800.53(1)(C), these issues of fact must also be attributed to Jayco. We, therefore, reverse the trial court's grant of summary judgment on behalf of Jayco. We find, however, that the summary judgment in favor of Jayco must also be reversed for the same reasons the summary judgment in MTI's favor must be reversed.

In granting MTI's motion for summary judgment, the trial court concluded that "[i]t is undisputed that at the time of this incident the gas detector was not connected to its power source[.]" This "undisputed" fact served as the foundation for the trial court's conclusion that Emery's disconnection of the detector was not a reasonably anticipated use of the product. This unanticipated use, according to the trial court, barred plaintiffs' recovery. We find that it is not undisputed that the detector was disconnected at the time of the accident. Because this fact is not undisputed, there is an issue of material fact that precludes summary judgment.

This court, citing supreme court jurisprudence, has concluded that:

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact

> must be resolved against granting the motion and in favor of a trial on the merits.

*Davis v. M & E Food Mart, Inc., No. 2 d/b/a Market Basket,* 02-0585, p. 4 (La.App. 3 Cir. 10/30/02), 829 So.2d 1194, 1998 (quoting *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. In the instant matter, the trial court used the "undisputed" fact that the detector was disconnected at the time of the investigation as the basis for denying recovery because Emery's disconnection was not a reasonably anticipated use of the detector. Accordingly, whether the detector was connected is a material fact because it precluded recovery. As previously noted, however, this fact is not undisputed.

Both Carla and Anatole testified that, after disconnecting the detector, Emery reconnected it. While there may be doubt as to whether this ever occurred, the proposition that it did not is hardly undisputed. Due to the conflicting evidence regarding whether the detector was disconnected at the time of the fire, there is a genuine issue of material fact. As such, summary judgment is inappropriate because movers cannot show that they are entitled to judgment as a matter of law.

**CONCLUSION**

The judgment of the trial court is reversed. Costs of the appeal are assessed equally against defendants.

**REVERSED.**

5