NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1307

LISA PHILLIPS

VERSUS

THE OLD EVANGELINE DOWNS, LLC

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-6260-A
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

John M. Madison
Amanda E. Waddell
Wiener, Weiss & Madison
P. O. Box 21990
Shreveport, LA 71120-1990
(318) 226-9100
Counsel for Defendant/Appellee:
        The Old Evangeline Downs, LLC

Pride J. Doran
Quincy L. Cawthorne
The Doran Law Firm
P. O. Box 2119
Opelousas, LA 70571
(337) 235-3989
Counsel for Plaintiff/Appellant:
        Lisa Phillips

**DECUIR, Judge.**

Lisa Phillips filed suit against the Old Evangeline Downs, LLC, alleging damages as a result of a slip and fall injury. After a bench trial, the trial court rendered judgment in favor of the defendant, finding the plaintiff failed to meet her burden of proof under La.R.S. 9:2800.6. The court specifically held that Evangeline Downs had neither actual nor constructive notice of the condition which caused the plaintiff's fall. For the following reasons, we affirm.

On July 12, 2006, Ms. Phillips was walking from the gaming area of the casino toward the cashier cage to cash in her ticket. As she passed a self-service beverage station, she slipped and fell. A clip from the casino's video surveillance film shows Ms. Phillips' fall as she hurried past other customers. A yellow caution cone is seen in the film off to the side of the beverage station against the wall. Kathy Rhines, the security officer assigned to that section of the casino, testified that she saw unmelted ice cubes on the floor after Ms. Phillips' fall.

Louisiana Revised Statute 9:2800.6 governs the imposition of tort liability on a merchant whose customer alleges injury from a slip and fall accident on the merchant's premises:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

In order to recover damages, Ms. Phillips must prove an unreasonable risk of harm, notice of the condition which caused the damages, and the failure to exercise reasonable care. In this case, the defendant contends Ms. Phillips failed to prove any of these requirements, but most particularly, the notice requirement.

In fact, Ms. Phillips attempted to prove Evangeline Downs' notice of the wet floor conditions by pointing to the nearby caution cone. She contends the presence of the caution cone is circumstantial proof of the knowledge of a wet floor. To the contrary, Evangeline Downs employees testified that the caution cone was not in the area to signify a wet floor. It was off to the side and against a wall. Ms. Rhines had previously noticed the cone, inspected the area, and found it dry. Ms. Rhines and other employees inspected the beverage area throughout the day. She was not alerted to any spills on the day of the accident, and she did not see any wetness on the floor

2

during her shift. There was nothing in the record to suggest that Evangeline Downs had actual notice of a hazardous condition on the floor of the casino.

Similarly, the record is void of any evidence showing constructive knowledge of a hazardous condition. To prove constructive knowledge, the plaintiff must show that a substance remained on the floor for such a period of time that the defendant would have discovered it by the exercise of reasonable care:

> The supreme court clarified the constructive notice requirement in its opinion in *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081. In *White*, the court emphasized the temporal element, stating that the claimant bears the burden of proving that "the condition existed for some period of time." *Id.* at 1085. However, it "need not be specific in minutes or hours." *Id.* at 1084. The court further stated, "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." *Id.*

*Davis v. M & E Food Mart, Inc.*, 02-585, p. 6 (La.App. 3 Cir. 10/30/02), 829 So.2d 1194, 1199.

In this case, Ms. Rhines testified she saw ice on the carpet after Ms. Phillips fell. The ice was not melted, had not puddled, and had not caused the carpet to discolor. Ms. Phillips failed to present any evidence showing the length of time the ice may have been on the carpet prior to her fall. "A simple showing that the condition existed is insufficient for a finding of liability and recovery." *Menjivar v. Rouse's Ent., L.L.C.,* 03-808, p. 6 (La.App. 5 Cir. 12/30/03), 865 So.2d 176, 179.

"A trial court's determination of whether a merchant had actual or constructive notice of a condition creating an unreasonable risk of harm to its customers is a factual finding which may not be set aside absent a showing of manifest error." *Stewart v. Great Atlantic and Pacific Tea Co.,* 94-1592, p. 4 (La.App. 4 Cir. 3/16/95), 657 So.2d 1327, 1330. Finding no manifest error in the factual finding of the trial court, we affirm the judgment rendered in favor of the defendant.

Costs of this appeal are assessed to the plaintiff.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.